Evan EVANGELOU, Appellant

v.

DISTRICT OF COLUMBIA,
et al., Appellees.

No. 14–7141.

United States Court of Appeals,
District of Columbia Circuit.

Jan. 19, 2016.

Rehearing En Banc Denied
March 3, 2016.

Eric Hans Kirchman, Kirchman &
Kirchman, Washington, DC, for Appellant.

Evan Evangelou, Nutley, NJ, pro se.

Loren L. Alikhan, Stacy Anderson, Todd
Sunhwae Kim, Office of the Attorney General, District of Columbia Office of the
Solicitor General, Washington, DC, for Appellees.

Before: ROGERS, GRIFFITH, and
MILLETT, Circuit Judges.

### JUDGMENT

PER CURIAM.

This appeal from the United States District Court for the District of Columbia
was considered on the record and the
briefs of the parties. *See* FED. R.APP. P.

34(a)(2); D.C.Cir. R. 34(j). The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). For the reasons stated below, it is

**ORDERED AND ADJUDGED** that the district court's judgment be **AFFIRMED.**

Evan Evangelou was hired as a Metropolitan Police Department (MPD) officer in September 2008. The first eighteen months of his employment were probationary. During this period, Evangelou was accused of attempting to extort employees of a local bar. After an internal MPD investigation found that he had engaged in misconduct, Police Chief Cathy Lanier removed him from the force. MPD released no information to the public about the investigation or termination, and Evangelou's personnel file specifies no reason for his removal.

Evangelou sued the District of Columbia and Lanier under 42 U.S.C. § 1983, alleging that his termination was accompanied by official defamation and stigmatization and therefore deprived him of liberty without due process. The district court granted the defendants' motion for summary judgment. We affirm.

An at-will government employee suffers a liberty deprivation under the Due Process Clause if, when he is terminated, the government either (1) disseminates defamatory information about him (a "reputation-plus" claim), or (2) imposes a stigma or other disability that forecloses future employment opportunities (a "stigma or disability" claim). *O'Donnell v. Barry,* 148 F.3d 1126, 1140 (D.C.Cir.1998). Under neither prong could a reasonable jury find that Evangelou has established a liberty deprivation.

▮ Evangelou bases his reputation-plus argument on a D.C. regulation that provides that "an agency shall terminate an employee during the probationary period whenever his or her work performance or conduct fails to demonstrate his or her suitability and qualifications for continued employment." D.C. Mun. Regs. tit. 6–B, § 814.1. He argues that in light of the regulation, the very fact of his termination was defamatory because it necessarily suggested he was unsuited or unqualified for continued work. In his view, the regulation and termination together provided the public disclosure of defamatory information necessary to establish a reputation-plus claim. *See Orange v. District of Columbia,* 59 F.3d 1267, 1274 (D.C.Cir.1995) ("[I]njury to reputation cannot occur in the absence of public disclosure of the allegedly damaging statements.").

This argument fails for two reasons. First, removal does not necessarily brand an officer unfit for the job. Although the D.C. regulation requires probationary officers to be fired if they are unsuited or unqualified, its plain terms do not bar the District from firing probationary officers for other reasons. *Cf. Piroglu v. Coleman,* 25 F.3d 1098, 1104–05 (D.C.Cir.1994) (explaining that a structurally similar regulation merely "sets out certain circumstances in which a probationary employee may be terminated; it does not limit the District's discretionary right to otherwise terminate him"). Second, even if termination *did* necessarily suggest that an officer was unqualified or unsuited for work, this implication would not deprive the officer of liberty under our precedent. We have said that in a reputation-plus claim, the government-imposed "opprobrium" must be more than that created by a dismissal for poor performance. *Harrison v. Bowen,* 815 F.2d 1505, 1518 (D.C.Cir.1987); *see also Hutchinson v. CIA,* 393 F.3d 226, 231 (D.C.Cir. 2005). Thus, Evangelou's reputation-plus claim cannot succeed.

To the extent that Evangelou preserves a "stigma or disability" claim on appeal, it also fails. A plaintiff raising such a claim must show, as relevant here, that the challenged government action has had the "*broad* effect of largely precluding [him] from pursuing [his] chosen career." *Kartseva v. Dep't of State*, 37 F.3d 1524, 1528 (D.C.Cir.1994). This standard sets a "high" bar: an employee must show that the government has "seriously affected, if not destroyed, his ability to obtain employment in [his] field." *Taylor v. Resolution Trust Corp.*, 56 F.3d 1497, 1506 (D.C.Cir. 1995) (alteration in original) (quoting *Greene v. McElroy*, 360 U.S. 474, 492, 79 S.Ct. 1400, 3 L.Ed.2d 1377 (1959)).

Evangelou has not met this burden. The record discloses that he applied to only two jobs after his termination: one in New Jersey and the other in New York. He abandoned the New Jersey application after he was asked to provide information on his employment history. *See Orange*, 59 F.3d at 1275 (concluding that employees who failed to pursue new job opportunities could not survive summary judgment on a claim that their employment prospects had been foreclosed). And Evangelou does not argue on appeal that he was ever denied the New York job, much less that any such denial was connected to his termination from MPD. *See Corson & Gruman Co. v. NLRB*, 899 F.2d 47, 50 n. 4 (D.C.Cir.1990) ("We require petitioners and appellants to raise all of their arguments in the opening brief[.]"). Rather, his brief repeats the district court's statement that the record did not clearly indicate whether or why his application was rejected. Evangelou has not adduced evidence sufficient to put in dispute whether his employment opportunities have been broadly foreclosed. His claim therefore cannot survive summary judgment. *See O'Donnell*, 148 F.3d at 1141–42 (granting summary judgment where an employee presented no concrete evidence, and the circumstances did not demonstrate, that adverse government action actually harmed him in the job market).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C.CIR. R. 41(a)(1).